**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **Samuel Burgos-Vivas et al,**<br>*Plaintiffs*,<br><br>v.<br><br>**Continental Central Credit, Inc.<br>Monterey Financial Services, LLC,**<br>*Defendants*. | **Civil No. 22-1056 (DRD)** |

**ORDER SETTING SCHEDULING CONFERENCE**

All named defendants have either made an appearance in this case or defaulted, thus triggering the Court's obligation under Federal Rule of Civil Procedure 16(b) to schedule and plan the course of litigation in order to achieve a just, speedy, and inexpensive determination of the action. The Court, therefore, believes it appropriate to set forth several ground rules at the beginning of the case that all counsel and *pro se* plaintiffs are to abide by. These rules are meant to complement the requirements imposed by the Federal Rules of Civil Procedure and the Local Rules of this District.

**I.    RULES OF PRACTICE**

   **A.  In General**

All documents filed in this case will be read as if they contained a warranty as to quality and content. Fed. R. Civ. P. 11. The filings must be prepared to the best of the lawyers' knowledge, information, and belief. Accordingly, these filings must stem from a reasonable inquiry into the subject matter. The Court shall not hesitate to impose sanctions for any violations of this rule, such as the filing of complaints not well-founded in fact or the denial of allegations when the veracity of such allegations is known to the defendants.

Moreover, the Court reminds the parties that Local Rule 26(b) requires attorneys to confer with each other prior to filing any motion or objection relating to discovery. The representatives are to make a good-faith effort to eliminate the necessity of filing any unnecessary motion or objection regarding discovery disputes. "A judge shall not consider any discovery motion that is not accompanied by a certification that the moving party has made a reasonable and good-faith effort to reach an agreement with opposing counsel on the matters set forth in the motion. An attempt to confer will not suffice." *See* Local Rule 26(b). That is to say, any discovery motion filed without the required statement **shall be summarily DENIED**, and other sanctions may be imposed.

As officers of the court, appearing attorneys are expected to conduct themselves in a cordial and professional manner when dealing with both the court and other counsel. In addition, attorneys are expected to strictly adhere to the rules of professional responsibility adopted by this court. See Local Rule 83.5. Counsel shall refrain from engaging in scandalous and/or personal accusations against other counsel or the court. Motions and other filings containing such attacks **shall be summarily STRICKEN from the record**. Moreover, pursuant to Federal Rule of Civil Procedure 11 and Local Rule 83E, the Court may impose further sanctions in response to such conduct by attorneys.

### B. Discovery

All attorneys are expected to expedite discovery. In addition, and unless otherwise directed by the Court, the use of certain methods of discovery is limited to no more than twenty-five (25) interrogatories per party (including all discrete subparts); twenty-five (25) requests for admission per party; and two (2) sets of requests for production per party.

### C. Motion Practice

### 1. Page Limit

The form and length of motions described in Local Rule 7(d) shall be strictly adhered to. Evidentiary exhibits, appendices, and addenda are excluded from the number-of-pages limitation. Hence, any motion filed in violation of this maximum **shall be summarily DENIED** without prejudice, and may only be refiled after proper pruning. The Court shall only grant leave to file in excess of the required page limit if the request is made prior to the filing, states the number of pages that the proposed filing will contain, and exceptionally good cause is shown.

### 2. No Hybrid Motions to Dismiss and/or for Summary Judgment

The parties are not to file any hybrid "Motions to Dismiss and/or for Summary Judgment." Motions to dismiss shall be filed separately from motions for summary judgment. This order is designed to avoid the intertwining of contradictory standards. For example, the standard for deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim requires the Court to take all well-pleaded allegations of fact as true to determine whether the causes of action alleged may be deemed "plausible." However, the standard applicable to a Rule 56 motion for summary judgment requires that the Court determine whether or not a genuine issue of material fact exists. This summary judgment analysis requires the Court to take all reasonable inferences arising from facts—which have been established by affidavit, deposition, or some other reliable method—in favor of the non-moving party. Furthermore, the requirements of Local Rule 56(b) (discussed below) apply only to motions for summary judgment. Hybrid motions **shall be summarily DENIED**.

### 3. Special Requirement for Motions for Summary Judgment: Statements of Contested/Uncontested Facts

A party moving for summary judgment is **required** to file as an attachment "a separate, short, and concise **statement of the material facts** as to which the moving party contends there is no genuine issue to be tried and the basis of such contention as to each material fact, **properly supported by specific reference to the record**." (emphasis added). Local Rule 56 (b); *see also Stepanischen v. Merchants Despatch Transportation Corp.*, 722 F 2d. 922 (1st Cir. 1983). The Court will, therefore, **summarily DENY** any motion for summary judgment that fails to comply with **any** part of this rule. Similarly, a party opposing a motion for summary judgment is likewise required to file, as an attachment to the opposition, "a separate, short, and concise statement of the material facts," which "shall admit, deny or qualify the facts supporting the motion for summary judgment by reference to each numbered paragraph of the moving party's statement of material facts." Local Rule 56(c). Opposing parties are also reminded that "[f]acts contained in a supporting or opposing statement of material facts, if supported by record citations as required by this rule, **shall be deemed admitted** unless properly controverted." (emphasis added). Local Rule 56(e).

### 4. Filing Procedures for Dispositive Motions

The filing of all dispositive motions shall follow the procedures contained in Local Rule 7. The moving party is granted leave to file a reply to the nonmovant's opposition. Likewise, the nonmovant is granted leave to file a surreply. However, replies and surreplies are strongly discouraged by the Court and should only be filed if absolutely necessary. The filing periods shall be computed pursuant to Local Rule 7 and Federal Rule of Civil Procedure 6.

### 5. Deadlines for Filing Dispositive Motions

Dispositive motions shall be filed within the deadlines established at the Scheduling Conference. Any filing deadline, as well as management or discovery-related deadline, shall be firm. Motions filed beyond the deadline without first obtaining leave of the Court to do so **shall be summarily DENIED**. Failure to comply with management and/or discovery-related deadlines shall be appropriately sanctioned.[1]

## II.   SCHEDULING CONFERENCE

The Court hereby sets a Scheduling Conference to be held on **December 2, 2023, at 2:00 p.m.** A representative of each party is ordered to attend this Scheduling Conference, which is to be held in Judge Domínguez's Video Teleconference ("VTC") channel.[2] *See generally* Local Rule 16(a). Counsel are to be "fully prepared to discuss"

---

[1] "[A] litigant who ignores a case-management deadline does so at his peril ... We have made it clear that district courts may punish such dereliction in a variety of ways. ... [L]itigants have an unflagging duty to comply with clearly communicated case-management orders ... ." *Rosario-Diaz v. Gonzalez*, 140 F.3d 312, 315 (1st Cir. 1998) (Court need not consider Summary Judgment filed beyond deadline). Violations of the Court's orders impedes its efficiency and merits sanctions. *See generally Chuang Invs. v. Eagle Inns, Inc.*, 81 F.3d 13, 14 (1st Cir. 1996) ("Prejudice to the court is inherent in needless delays and postponements."); *Robson v. Hallenbeck*, 81 F.3d 1, 2 (1st Cir. 1996) ("[A] district court has broad authority to enforce pre-trial discipline and to dismiss a case for failure to obey pre-trial orders."); *Serrano-Pérez v. FMC Corp.*, 985 F.2d 625 (1st Cir. 1993) (expert witness obtained beyond deadline excluded from case); *Goldman, Antonetti v. Medfit Int'l, Inc.*, 982 F.2d 686 692 (1st Cir. 1993) (dismissal with prejudice for failure to attend pretrial and settlement conference); *Riofrio Anda v. Ralston Purina, Co.*, 959 F.2d 1149, 1154-55 (1st Cir. 1992) (disallowing amendment of complaint two months after deadline in court's scheduling order); *Thibeault v. Square D Co.*, 960 F.2d 239, 247 n.7 (1st Cir. 1992) ("we heartily endorse the utilization of discovery closure dates ... as a case management tool"); *Barreto v. Citibank, N.A.*, 907 F.2d 15, 16 (1st Cir. 1990) ("[W]ell established principle that discovery orders, other pre-trial orders, and, indeed, all orders governing the management of a case are enforceable under pain of sanction for unjustifiable violation."); *Spiller v. U.S.V. Lab., Inc.*, 842 F.2d 535 (1st Cir. 1988) (Dismissal due to failure to obey Court order to retain new counsel, *inter alia*); *Corretjer Farinacci v. Picayo*, 149 F.R.D. 435 (D.P.R. 1993) (disregard of judge's scheduling order and local rules of the district justifies sanctions).

[2] Counsel are forewarned that, if an attorney fails to appear, appears unprepared, or fails to participate in good faith in the scheduling conference, the Court may impose the sanctions established in Federal Rule of Civil Procedure 37, up to and including the dismissal of the action (if the non-complying party is a plaintiff) or the entry of judgment by default (if the non-complying party is a defendant). The Court may also require the party whose attorney failed to comply with this order, the non-complying attorney, or both, to pay the expenses, including attorneys' fees, incurred by the Court and by the other parties in preparing for and attending the conference. *See Boettcher v. Hartford Insurance Co.*, 927 F.2d 23 (1st Cir. 1991); *Vakalis v. Shawmut Corp.*, 925 F.2d 34, 36 (1st Cir. 1991).

the 12 items contained in Local Rule 16(a) during the Scheduling Conference.  In addition, the parties are to come prepared to discuss the 16 items contained in Federal Rule of Civil Procedure 16(c)(2).

In the interests of justice, the representatives must be prepared for settlement negotiations during the Scheduling Conference as the Court should attempt to settle the instant case at an early stage of the proceeding. *See* Fed. R. Civ. P. 16(c)(1).  **As such, each counsel should ensure that a party with settlement authority is present at the conference or available telephonically to facilitate settlement discussions.**  *See* Local Rule 16(i).

**A.  Simplification of the Issues**

One objective of the conference scheduled herein is to simplify the issues and to reach agreements as to uncontroverted facts and accepted principles of law applicable to the case.  Counsel should be ready to respond to such queries as the Court may deem appropriate, **and be prepared to discuss settlement**.  As required by Federal Rule of Civil Procedure 16(c), "[a] represented party must authorize at least one of its attorneys to make stipulations and admissions about all matters that can reasonably be anticipated for discussion at a pretrial conference."

Correspondingly, at the Scheduling Conference, counsel shall:

a. Inform the Court of their factual and legal contentions.  In particular, counsel shall:

   i. Disclose all material and pertinent facts;

      ii. State their theories of the case, with citations to statutes and case law; and

      iii. Enter into stipulations as to any facts or applicable law as to which there is no reasonable ground for dispute;

b. Bring forth evidence to show such facts;

c. Assess any damages claimed;

d. Announce all documentary evidence;

e. Announce all witnesses, including experts; and

f. Inform the court whether they foresee any need to join additional parties, amend the complaint, require consolidation with other related cases, or file any other pretrial motions (such as motions to dismiss or for summary judgment). If any such filing is foreseen, the parties shall suggest specific dates for their filing.

**B. Settlement, Alternative Dispute Resolution, and Consent to Trial before a United States Magistrate Judge**

At the Scheduling Conference, the Court expects counsel to be prepared to discuss whether the dispute may be settled. In that regard, it would be helpful for counsel to have discussed this matter with their clients prior to the date of the conference. Further, the parties should be aware that alternative forms of dispute resolution are available, such as arbitration and mediation. The Court particularly encourages the utilization of mediation as a way to investigate possibilities of settlement. Experienced mediators and arbitrators are available should the parties opt for mediation. The case, however, must be sufficiently mature to warrant alternative methods of dispute resolution.

**The Court also reminds the parties that they may consent to proceed before a United States Magistrate Judge**. 28 U.S.C. § 636(c)(2). This procedure could prove to be more expeditious and, therefore, less expensive than a trial before a District Judge. The parties are, of course, free to withhold consent. The parties are also advised, however, that the increase in the Court's criminal docket may impede timely disposition of this case.

**C. Scheduling**

The Scheduling Conference also serves the purposes of guiding and setting discovery procedures and scheduling this case for pretrial and trial. The attorneys who attend this scheduling conference must be adequately prepared with the necessary materials on hand, *i.e.* datebooks, etc., and fully authorized to suggest specific dates for the items to be scheduled. The Court does not guarantee that the dates suggested will be the ones used for the settings but will try to accommodate them if its calendar so allows and the requests are reasonable.

All counsel should anticipate a pretrial and trial date from one hundred eighty (180) to two hundred seventy (270) days after the Scheduling Conference. Once a trial date has been set, **no continuance will be granted except for exceptionally good cause shown**. In particular, a trial date will not be continued solely because counsels have agreed to a settlement unless it has been finalized.

### III.    PREPARATION FOR SCHEDULING CONFERENCE

The parties are ordered to "confer" at least 21 days before the Scheduling Conference is to be held to discuss the matters set forth Federal Rules of Civil Procedure 26(f)(2) and (3). *See generally* Fed. R. Civ. P. 26(f). Further, within 14 days of the aforementioned conference, the parties are to file Scheduling Conference Memorandum. *See* Fed. R. Civ. P. 26(f)(3). Of course, this will always mean that the Scheduling Conference Memorandum will have to have been filed well before the Scheduling Conference is to be held.

The Scheduling Conference Memorandum is to include:

A. a discussion of the parties' factual and legal contentions;

B. a listing of proposed uncontested facts;

C. a listing of all potential witnesses and a summary of the nature of their expected testimony;

D. a listing of proposed documentary evidence and a summary of the contents of such evidence;

E. an itemization of all the discovery (including interrogatories, requests for admissions, requests for production, and depositions) that the parties wish to conduct;

F. a Proposed Discovery Plan containing, pursuant to Federal Rules of Civil Procedure 26(f)(3) and Local Rule 16(b), all of the following proposals:

   i. "what changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement of when initial disclosures were made or will be made;"

    ii. "the subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues;"

    iii. "any issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced;"

    iv. "any issues about claims of privilege or of protection as trial-preparation materials, including -- if the parties agree on a procedure to assert these claims after production -- whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502;"

    v. "what changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed;"

    vi. "any other orders that the court should issue under Rule 26(c) or under Rule 16(b) and (c)."

    vii. time limits to cure any jurisdictional deficiencies;

    viii. time limits for joinder;

    ix. time limits to amend the pleadings;

    x. time limits to file motions;

    xi. date to hold a pretrial conference;

    xii. date to begin trial; and

    xiii. detail any agreements between the parties; and

      G.  Any other matter deemed appropriate.

Additionally, pursuant to Federal Rule of Civil Procedure 26(a)(1)(C), the parties are required to make mandatory disclosures "at or within 14 days after the Rule 26(f) conference."

**The Court may impose severe sanctions for failure to comply with any of the provisions set forth above.**  See Fed. R. Civ. P. 16(f).

## IV.  CONCLUSION

The parties are **on notice** as of the date of the Scheduling Conference of the Court's orders issued during said conference.  **Thus, the parties will not be excused from compliance with an order of the Court on grounds that they received a copy of the Scheduling Order after the date at issue has passed.**

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 4th day of October, 2023.

                                    *S/ Daniel R. Domínguez*
                                    Daniel R. Domínguez
                                    United States District Judge